UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>           PLAINTIFF<br><br>v.<br><br>RUSSELL CHRETIEN, ET AL.,<br><br>           DEFENDANTS | No. 1:12-CV-38-DBH |

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ON DEFENDANTS' MOTION TO DISMISS COMPLAINT

The question here is whether the amount at stake meets the $75,000 jurisdictional amount for cases where jurisdiction is based upon diversity of citizenship. I conclude that it does and **DENY** the defendants' motion to dismiss.

### PROCEDURAL BACKGROUND

The plaintiff Allstate Insurance Company sued in this federal court its former agents the defendants Russell Chretien, Sadie Chretien Tyler, Novilla Rollins and Mackenzie Davis. The dispute arises out of the ending of their business relationship and what allegedly happened with certain customers. Allstate requests compensatory damages, punitive damages and attorney fees and costs. The defendants filed a motion to dismiss for lack of subject matter jurisdiction claiming that Allstate does not satisfy the $75,000 jurisdictional amount in controversy. 28 U.S.C. § 1332(a).

## ANALYSIS

The standards to be applied are clear. As a plaintiff asserting diversity jurisdiction, it is Allstate's burden to establish that the minimum amount in controversy has been met. Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004). But the case will be dismissed only if, "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Allstate's Verified Complaint mentions the amount in controversy in two places. Allstate's general jurisdictional allegation provides that the case "exceeds the sum or value of $75,000.00," and the complaint also asserts that "[t]he economic value of the Allstate trade secrets/confidential information Defendants had access to under their Allstate Agreements is over $1 million." Verified Compl. ¶¶ 10, 188 (ECF No. 1). But once the defendants, as here, question the amount, Allstate as "'the party seeking to invoke jurisdiction has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Stewart, 356 F.3d at 338 (quoting Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001)) (further citations omitted). The general jurisdictional assertion here is not sufficient to meet that requirement, and the complaint's reference to the economic value of trade secrets/confidential information as being over $1 million likewise does not shed light on the amount that Allstate might recover from the defendants if it proves its case. So I must turn to the "proofs" as St.

2

Paul Mercury uses that term. See also McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (If the plaintiff's "allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); KVOS, Inc. v. Associated Press, 299 U.S. 269, 278 & n.6 (1936) (citing McNutt).

The First Circuit has said that the burden of competent proof may be met by "amending the pleadings or by submitting affidavits." Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991). Other courts have stated that the party seeking to invoke federal jurisdiction can rely on "summary judgment-type evidence" to support the jurisdictional amount. Hartford Ins. Group v. Lou-Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (court relied on "'summary judgment' type evidence"); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (allowing "summary-judgment-type evidence," such as affidavits, to support jurisdiction); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998) ("court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy"); Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997) (court can consider "summary judgment-type evidence" to determine amount in controversy); Harmon v. OKI Sys., 115 F.3d 477, 479 (7th Cir. 1997) (proper for district court to consider answers to interrogatories). Although the First Circuit seems not to have used that terminology of summary judgment–type evidence, I conclude that its reference to affidavits would include other sworn evidence such as depositions, answers to interrogatories, etc. I therefore ignore much of what Allstate says in its legal memorandum

3

about the huge losses it has suffered. Lawyers' statements will not suffice. I also ignore the unsworn "disclosure" information that comes from the parties' Rule 26 obligations but that is not submitted in a form competent for summary judgment.

However, Allstate has provided some evidence of damages by way of interrogatory answers. Allstate alleges that the defendants breached their Allstate Agreements by soliciting Allstate customers before and after termination of their Agreements and continuing to work out of the former Allstate agency office at 1045 Broadway, Bangor, Maine, resulting in the loss of many Allstate customers. Allstate's answers to interrogatories state that it "has lost at least sixty-one (61) of its customers due to [the defendants'] breaches of their Allstate agreements both before and after termination resulting in excess of $25,000 of lost premiums for 2012 . . . [and because of the loyalty of Allstate customers] future damages in excess of $100,000." Allstate's Response to the Defs. Sadie L. Chretien Tyler, Novella Rollins, and Mackenzie Davis' First Set of Interrog. at 15-16 (ECF No. 64-5); Allstate's Response to the Def. Russell Chretien's First Set of Interrog. at 5 (ECF No. 51-1).[1] The defendants deny the loss and assert that they have "gathered signed statements from 55 of the listed customers which aver that they were *not* solicited by the defendants to transfer their business to United Insurance." Defs.' Mot. to Dismiss at 7 (ECF No. 51)(citing the defendants' initial Rule 26

---

[1] Allstate's response also refers to interrogatory answer 2(b) that lists the names of 59 individuals that Allstate was aware were "being solicited." Allstate's Response to the Defs. Sadie L. Chretien Tyler, Novella Rollins, and Mackenzie Davis' First Set of Interrog. at 4 (ECF No. 64-5).

disclosures). But this is not the time to resolve the merits of the dispute, only to determine whether it is apparent to a legal certainty that Allstate cannot recover the amount claimed. I conclude that the $25,000 single-year lost premium claim meets Allstate's burden, and that given that amount for one year, the $75,000 jurisdictional amount is satisfied given the likelihood of continuing lost premiums.

## CONCLUSION

Accordingly the motion to dismiss for lack of subject matter jurisdiction is **DENIED**.

Allstate's motion to amend its verified complaint is also **GRANTED**. The defendants opposed the motion solely on the basis that it was futile because the court lacked subject matter jurisdiction. Because I have rejected that argument, there is no reason to deny the amendment.

**SO ORDERED.**

**DATED THIS 20TH DAY OF DECEMBER, 2012**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**